FILED
2026 Sep-14 AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EDWARD WILLIAMS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-2014-AMM-SGC** |
| | ) | |
| **STATE OF ALABAMA, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM OPINION**

Edward Williams filed a *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 6. On August 17, 2026, the magistrate judge entered a report recommending the court deny the petition and dismiss the claims with prejudice as procedurally defaulted. Doc. 12. The petitioner filed timely objections. Doc. 13.

In his objections, the petitioner maintains he is factually innocent of the crimes for which he was convicted. *Id.* at 1. He restates his claim that the trial court erred by allowing testimony from witnesses in a case he was never convicted of which confused the jury. *Id.* Finally, the petitioner requests that the court consider his learning disability and illiteracy as grounds for his failure to exhaust his claims. *Id.* at 1–2.

The magistrate judge concluded that the petitioner's claims are procedurally defaulted, and he has not established cause or prejudice or the fundamental miscarriage of justice to excuse the procedural default. Doc. 12 at 5–11. To the extent the petitioner contends he is factually innocent and the trial court failed to allow him to call witnesses who would testify that he was not involved in the robberies, the petitioner does not address the magistrate judge's finding that reasonable jurors could have believed witnesses' testimony presented during trial connecting him to the robberies.[1] Neither has the petitioner demonstrated that his learning disability and illiteracy are factors external to him that constitute cause to excuse a procedural bar. *See Smith v. Newsome*, 876 F.2d 1461, 1465 (11th Cir. 1989) (stating lack of education or illiteracy do not serve as cause to excuse procedural default); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992) (noting "below average intelligence" not external to defense and insufficient to establish cause). Accordingly, the petitioner's objections, Doc. 13, are **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report, and the petitioner's objections, Doc. 13, the court **ADOPTS** the report and

[1] For clarity, Officer Hill testified during trial that the petitioner was involved in a robbery of Advance Auto Parts on September 12, 2002. Doc. 9-3 at 104–08. Defense counsel noted on cross-examination that the petitioner was not on trial for that charge. *Id.* at 108. The robbery charge stemming from the petitioner's arrest on September 12, 2002, was later nol prossed as part of a guilty plea. *See* Doc. 6 at 12; *State v. Williams*, Case No. 68-CC-2003-000169.00, Doc. 1 at 4, 11.

**ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the petition is due to be denied and the claims are due to be dismissed with prejudice as procedurally defaulted.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). The court finds the petitioner's claims do not satisfy either standard.

A Final Judgment will be entered separately.

**DONE** and **ORDERED** this 14th day of September, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE